O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ANTHONY MANALISAY,<br><br>Plaintiff,<br><br>v.<br><br>DEPT. OF MOTOR VEHICLE ET AL,<br><br>Defendant. | Case No. 8:25-cv-01594-CAS-DFM<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

On February 23, 2026, United States Magistrate Judge Douglas F. McCormick (the "Magistrate Judge") issued a Report and Recommendation recommending the Court grant the motions to dismiss (dkts. 33, 36, 39, and 61) and dismiss the First Amended Complaint ("FAC") with prejudice and without leave to amend. Dkt. 75 ("R&R"). On March 16, 2026, plaintiff James Anthony Manalisay ("Plaintiff"), *in pro per*, filed his objections to the R&R. Dkt. 88. On June 11, 2026, Plaintiff filed updated objections to the R&R. Dkt. 116 ("Obj.").

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Plaintiff's objections thereto. After having made a *de novo* determination of the portions of the R&R to which Plaintiff's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. BACKGROUND

Plaintiff has brought several federal court actions stemming from his dissatisfaction with child support orders in an ongoing family law case in the Superior Court of California, County of Alameda, Case No. VF06283732 (the "Family Case"), which began in 2006 with a petition for dissolution of marriage. See dkt. 61-1 at ¶¶ 1-4 & Ex. B.

### A. Manalisay's Prior Actions

On August 15, 2022, Plaintiff filed a complaint against Margaret Fujioka, Commissioner Jason Clay, Danica Dolan, Ryan Sheets, Robin Holmes, Mieke Bryant, Karen Mascarenhas Santana, and Xavier Becerra, alleging that the named defendants violated his constitutional rights to seeing his child, drafted biased court orders for child support against him, and that Ryan Sheets illegally forwarded his private email communications and illegally abused his authority. See Manalisay v. Fujioka et al, 3:22-cv-04675-WHA, Dkt. 1 (N.D. Cal. Aug. 15, 2022). On September 1, 2022, Plaintiff withdrew his complaint. Id. at dkt. 7.

On August 15, 2022, Plaintiff also filed a complaint against Diana Abad, Adam Byer, Melisa Callenoler, Somnath Raj Chatterjee, Margaret Fujioka, Boydine Hall, Tamiza Hockenhull, David Kilgore, Krystal Maia, Toni Mims-Cochran, Sonya Montoya, Courtney O'Hagan, Michelle Pope, Sandra Roberts-Stokes, Justine Swartz, Kate K. Yeh, and Jason White, alleging that the named defendants refused to address his arguments in state court and committed other errors in his state court proceedings. See Manalisay v. Hall et al, 3:22-cv-04701-

VC, Dkt. 1 (N.D. Cal. Aug. 15, 2022). On September 29, 2022, Judge Chhabria dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Id. at dkt. 9. On January 3, 2023, Plaintiff filed an amended complaint, adding Jason Clay, Vangeria Harvey, Karen Mascarenhas Santana, Jon Mintz, and Karen Nance, asserting various claims based on similar allegations of constitutional violations related to the Family Case. Id. at dkt. 35. On March 20, 2023, Judge Chhabria dismissed the amended complaint, with prejudice, as frivolous and for failure to state a claim. Id. at dkt. 38. On March 27, 2023, Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. Id. at dkt. 40. On April 25, 2024, the Ninth Circuit summarily affirmed the dismissal. Id. at dkt. 48. On April 2, 2025, Judge Chhabria denied Plaintiff's Rule 60(b) Motion to Reopen the Case. Id. at dkt. 54.

On November 26, 2024, Plaintiff filed a complaint against Conduent State and Local Solutions, Inc. and its subsidiary the Department of Child Support Services, alleging that the defendants violated his constitutional rights and requested an injunction to return his passport for livelihood purposes. See James Anthony Manalisay v. Conduent State and Local Solutions, Inc. et al, 8:24-cv-02590-JWH-DFM, Dkt. 1 (C.D. Cal. Nov. 26, 2024). Concurrently with the November 26, 2024 complaint, Plaintiff filed a request to proceed *in forma pauperis*. Id. at dkt. 2. On November 27, 2024, Judge Holcomb denied the request and dismissed the case without leave to amend finding that the Court lacked subject matter jurisdiction over questions of child support allegations and some of the allegations were frivolous because they were duplicative of claims that were dismissed in Judge Chhabria's case. Id. at dkt. 9.

On January 29, 2025, Plaintiff filed a motion for an injunction against the U.S. Department of State's National Passport Center, challenging 42 U.S.C. § 652(k), the statute Plaintiff was denied his passport under because of his failure

to pay child support payments. See James Anthony Manalisay v. US Dept. of State National Passport Center, 8:25-cv-00164-DOC-DFM, Dkt. 1 (C.D. Cal. Jan. 29, 2025). On January 30, 2025, Judge Carter denied Plaintiff's motion for an injunction on the grounds that the right to provide for oneself—for which Plaintiff alleges he requires his passport—is not a fundamental right and the Ninth Circuit has held that a 42 U.S.C. § 652(k) passes the rational basis test. Id. at dkt. 8 (citing Eunique v. Powell, 302 F. 3d 971, 974 (9th Cir. 2002)).

**B. The Present Action**

On July 22, 2025, Plaintiff filed a complaint against Age Well Senior Living, Conduent Local and State Solutions, Inc., the Department of Child Support Services ("DCSS"), the Department of Motor Vehicles ("DMV"), the Department of State's National Passport Center, Sarah Canepa Pastran, and Bentrish Satarzadeh. Dkt. 1. On August 11, 2025, Plaintiff filed his first amended complaint, adding the State of California ("California"), alleging that the defendants engaged in fraud, deceit, abuse, failed to follow the law, and violated his constitutional rights in relation to the Family Case. Dkt. 14 ("FAC").

The DMV and California have not appeared in this case. Plaintiff filed purported proofs of service as to the DMV on September 4, 2025, dkt. 24, and as to California on October 10, 2025, dkt. 30. Plaintiff's purported proofs of service are invalid. Fed. R. Civ. P. 4(j)(2).[1] On November 12, 2025, Plaintiff applied for

[1] Pursuant to Rule 4(j)(2), "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). "A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50. However, Plaintiff attempted to serve the DMV by delivering the summons and complaint to the Legal Affairs Division of the DMV. Dkt. 24. "Service of summons in all

entry of default against the DMV and California. Dkt. 54. On April 27, 2026, the clerk entered default as to the DMV and California. Dkt. 101. Given that service was improper, the Court sets aside the entry of default against the DMV and California. See S.E.C. v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.").[2]

On October 20, 2025, the United States filed a motion to dismiss pursuant to 28 U.S.C. § 517, arguing that the Court lacks jurisdiction because Plaintiff seeks intervention in an ongoing state court case; because the Department of State's National Passport Center is entitled to sovereign immunity; and because, even if jurisdiction existed, Plaintiff fails to allege facts establishing a plausible claim against the Department of State's National Passport Center. Dkt. 33.

On October 27, 2025, defendant Conduent State and Local Solutions, Inc. filed a motion to dismiss Plaintiff's FAC because it alleges Plaintiff fails to state a claim upon which relief can be granted and because the Court lacks jurisdiction over Plaintiff's claims. Dkt. 36.

---

actions on claims against the state shall be made on the Attorney General." Cal. Gov't Code § 955.4. However, Plaintiff attempted to serve California by delivering the summons and complaint to the District Attorney's Office in Los Angeles. Dkt. 30. On March 5, 2026, Plaintiff requested that the Court order service on the DMV and California by U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(3). Dkt. 86. The Court did not rule on that request.

[2] Given that Plaintiff's FAC is dismissed with prejudice and without leave to amend, the Court need not permit Plaintiff to attempt proper service on the DMV and California.

On October 27, 2025, defendants Bentrish Satarzadeh and Sarah Canepa Pastran filed a motion to dismiss Plaintiff's FAC for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Dkt. 39.

On November 24, 2025, the County of Alameda, which claims it was erroneously named as "Department of Child Support Services" in the FAC, filed a motion to dismiss all claims against it, alleging that the claims are barred by existing doctrine and fail to state a claim upon which relief may be granted. Dkt. 61.

On February 23, 2026, the Magistrate Judge issued the instant R&R, recommending that the motions to dismiss (dkts. 33, 36, 39, and 61) be granted and the FAC be dismissed with prejudice and without leave to amend. R&R at 12.

On March 5, 2026, Plaintiff filed a notice of voluntary dismissal of defendant Conduent State and Local Solutions, Inc. Dkt. 78. On June 8, 2026, Plaintiff filed a notice of voluntary dismissal of defendant Age Well Senior Services. Dkt. 112. On the same date, Plaintiff filed motions for voluntary dismissal without prejudice of the Department of State's National Passport Center and defendants Sarah Canepa Pastran and Bentrish Satarzadeh. Dkts. 113, 114.

On June 11, 2026, Plaintiff filed updated objections to the Magistrate Judge's R&R. Dkt. 116 ("Obj."). Plaintiff also filed a motion for a preliminary injunction to get his passport returned, the suspension on his driver's license lifted, and any asset collection paused. Dkt. 117. Because the facts at issue regarding Plaintiff's claims are comprehensively set forth in the R&R, the Court does not repeat them unless relevant to the Court's decision. <u>See</u> R&R at 1-4.

## III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV. DISCUSSION

After Plaintiff voluntarily dismissed Conduent State and Local Solutions, Inc., Age Well Senior Services, the Department of State's National Passport Center, Sarah Canepa Pastran, and Bentrish Satarzadeh, the remaining defendants in this case are DCSS, the DMV, and California. Plaintiff asserts seven claims against DCSS for violations of: (1) 31 U.S.C. § 3729 (the "False Claims Act"); (2) 26 U.S.C. § 6103; (3) the Seventh Amendment of the U.S. Constitution; (4) the Fourteenth Amendment of the U.S. Constitution; (5) 42 U.S.C. § 1983 ("section 1983"); (6) 15 U.S.C. § 1692(e) (the "Fair Debt Collection Practices Act"); and (7)

the Fifth Amendment of the U.S. Constitution. FAC at 44-98. Plaintiff asserts two claims against the DMV for violations of the Fourteenth Amendment and section 1983. Id. Plaintiff asserts six claims against California for violations of: the False Claims Act, section 1983, and the Fifth, Sixth, Seventh, and Fourteenth amendments. Id. The Court finds that Plaintiff's FAC is properly dismissed with prejudice and without leave to amend.

**A. The Court Lacks Jurisdiction**

According to the FAC, Plaintiff is subject to an ongoing child support order. A federal court should not interfere with pending state proceedings. Younger v. Harris, 401 U.S. 37 (1971). According to the Supreme Court, Younger and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention "is appropriate [] when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." Cook v. Harding, 879 F.3d 1035, 1039 (9th Cir. 2018) (citations omitted). Here, each element of Younger abstention is satisfied. Therefore, this Court must not interfere with the ongoing state court proceedings and the FAC should be dismissed. See Agustin v. Cnty. of Alameda, 234 F. App'x 521, 522 (9th Cir. 2007) (affirming district court dismissal of a challenge to ongoing efforts in state court to collect child support payments).

Moreover, "federal courts have no jurisdiction to entertain suits to establish paternity and child support." Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir. 1968). Child support actions are "peculiarly within the province of the state courts." McIntyre v. McIntyre, 771 F.2d 1316, 1318 (9th Cir. 1985). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply

involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986).

Accordingly, the Court agrees with the Magistrate Judge that the FAC should be dismissed on the basis of Younger abstention. R&R at 7.

**B. Plaintiff Fails to State a Claim**

Assuming *arguendo* that the Court has subject matter jurisdiction and that Younger abstention does not apply, the Court agrees with the Magistrate Judge that Plaintiff fails to state a claim for relief.

Plaintiff's False Claims Act claim against California fails because a state is not a "person" for purposes of qui tam liability. Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 784 (2000). Plaintiff's False Claims Act against DCSS fails because the FAC does not contain any allegations that DCSS made claims *for payment*, let alone false or fraudulent claims for payment, to the federal government. See FAC ¶ 88 (alleging DCSS falsely claiming they are a court or division of government).

Plaintiff's claim against DCSS pursuant to 26 U.S.C. § 6103 fails because that statute does not provide a private right of action. See Powell v. Yellen, No. 21-2946, 2022 WL 2355419, at *2 (D.D.C. 2022) ("[T]his Court has stated many times . . . that § 6103 does not provide an independent cause of action.").

Plaintiff's Fair Debt Collection Practices Act claim against DCSS fails because an obligation to pay child support does not constitute a "debt" under the Fair Debt Collection Practices Act. See Silver v. Dystrup-Chiang, No. 2:20-CV-01339-RAJ, 2022 WL 741903, at *2 (W.D. Wash. Mar. 11, 2022) (citing Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir. 1994) (holding that "child support obligations ... do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services")).

///

Plaintiff's claim against DCSS and California for violation of the Seventh Amendment fails because Plaintiff has no right to a trial by jury regarding his child support obligation. Cnty. of El Dorado v. Schneider, 191 Cal.App.3d 1263, 1271-72 (1987).

And finally, Plaintiff's claims against the remaining defendants alleging various violations of the Fifth, Sixth, and Fourteenth amendments of the U.S. Constitution and section 1983 fail because the allegations do not plausibly state constitutional violations. Instead, the allegations stem from Plaintiff's general refusal to recognize the validity of the state court proceedings in the Family Case.

**C. Leave to Amend is Denied**

The Court agrees with the Magistrate Judge that dismissal without leave to amend is appropriate because: the jurisdictional defects cannot be cured, Plaintiff has already amended his complaint once, and his claims are similar to those that were previously rejected as frivolous by this Court and the United States District Court for the Northern District of California.

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that: (1) the Report and Recommendation is **ACCEPTED**; (2) the motions to dismiss (dkts. 33, 36, 39, 61) are **GRANTED**; and (3) the FAC is **DISMISSED** with prejudice and without leave to amend. Pursuant to Fed. R. Civ. P. 55(c), the Court sets aside the Clerk's entry of default against the DMV and California. Dkt. 101. All pending motions are denied as moot and no further filings will be entertained in this closed case absent leave of the Court.

Dated: August 18, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE